# EXHIBIT 1

March 13, 2003

Sara Baker
5801 Waterford Court
North Richland Hills, TX 76180

Re: Request for Interpretation of Federal Aviation Regulation
(FAR) Section 91.119 (14 C.F.R. 91.119)

Dear Ms. Baker:

This is in response to your letter of January 13, 2003, for a legal interpretation of FAR 91.119 based on the following:

I live on a small private residential airport. Our airport has a homeowner's association. The homeowner's association has decreed that all incoming airplanes be required to "buzz" or overfly the runway at approximately 200 feet a.g.l. before landing to alert people on the ground that an airplane is coming in. I believe that this overflight is a direct violation of FAR 91.119.

We are aware that your request involves a private airstrip allegedly owned by the members of the Hillcrest Homeowners Association in Keller, Texas. We have been advised by the Fort Worth Flight Standards District Office (AFW-FSDO) that their office has not formally been requested to consider nor are they considering any form of operating restrictions at the Hillcrest Airport other than existing Federal Aviation Regulations (FARs). AFW-FSDO's position is that operations at all airports, including Hillcrest, must be conducted with the highest regard for safety and in full compliance with the FARs.

The United States Congress has vested the Federal Aviation Administration (FAA) with exclusive responsibility for developing plans and policy for the use of the navigable airspace and assigning by regulation or order the use of the airspace necessary to ensure the safety of aircraft and the efficient use of the airspace of the United States. 49 U.S.C. §40103. The regulation of aircraft in flight is preempted by Federal law, and limitations on aircraft flight may only be imposed by the FAA. See, City of Burbank v. Lockheed Air Terminal, 411 U.S. 624 (1973); Blue Sky Entertainment v. Town of Gardiner, 711 F.Supp. 678 (1989); U.S. v. New Haven, 496 F.2d 452 (2nd Cir. 1974); American Airlines v. Town of Hemstead, 272 F.Supp. 226 (E.D.N.Y. 1967); aff'd, 398 F.2d 369 (2nd Cir. 1968); cert. denied, 393 U.S. 1017 (1969); and Allegheny Airlines v. Village of Cedarhurst, 238 F.2d 812 (2nd Cir. 1956).

Thus, the FAA has preempted the operation of aircraft in flight and any attempt by local or state authorities, or any other organization, to implement flight restrictions on aircraft in an area preempted by

the FAA would not be prohibited and it would be unenforceable. The FAA has preempted regulation of the altitude at which aircraft may operate. See FAR Section 91.119 (14 C.F.R. §91.119).

Enforcement actions taken on the basis of a violation of FAR Section 91.119, as with any FAR, are made on a case-by-case determination of the facts in each instance and case precedent as issued through decisions of the National Transportation Safety Board (NTSB). Whether a particular operation complies with applicable FARs, including such an operation that the above operating restriction as the Homeowners Association envisions, will vary under any given set of factual circumstances and thus no more specific opinion can be issued. You may research NTSB decisions regarding FAR Section 91.119, and other FARs, by accessing the NTSB website at: http://www.ntsb.gov. Click on "Opinions and Orders" under the Data and Information Products menu on the right hand of the screen.

Sincerely,

Lynette Word
*Regional Counsel*
Southwest Region