# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INTERNATIONAL AEROBATIC CLUB CHAPTER 1 and NICHOLAS SCHOLTES, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF MORRIS, ILLINOIS, JEFFREY VOGEN, and SID NELSON, <br><br> Defendants. | Case No. 13-CV-4272 <br><br> Judge John J. Tharp Jr. |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO THE DEFENDANTS'
MOTION TO DISMISS**

The plaintiffs, International Aerobatic Club Chapter 1 ("IAC Chapter 1") and Nicholas Scholtes ("Scholtes" and collectively the "Plaintiffs"), by their attorneys, as a sur-reply and in response to the defendants' reply brief, state as follows:

**I.    The defendants' reply brief incorrectly asserts the existence of agreements and conditions that were never agreed to by the parties.**

The defendants assert for the first time in their reply brief that IAC allegedly agreed to establish updated safety procedures in exchange for the City of Morris' permitting IAC members to fly in the new Aerobatic Practice Area. (Defs' Reply Br. at p. 6.) IAC Chapter 1 did not agree to the terms described in the defendants' reply brief and certainly did not do so in exchange for Morris' permission to allow aerobatic pilots to fly in a federally regulated Aerobatic Practice Area. (Ballew Aff. at ¶¶ 2, 6.) Specifically, IAC Chapter 1 did not agree that

a. the City of Morris could drop the charges against Nick Scholtes conditioned on the receipt of the new waiver from the FAA;

b. the City of Morris could later "clarify and define the safety items" allegedly agreed to, after the December 20, 2012 meeting;

c. IAC Chapter 1 would provide any notice other than that required in the waiver issued by the FAA, which does not require five days' notice or even one's hour notice;

    d. IAC Chapter 1 would provide 2 spotters that are located independently of any bystanders; and

    e. IAC Chapter 1 would provide "redundant communications between the spotters and the performing aircraft."

The parties never agreed upon the terms describe in the defendants' reply brief which they claim create an enforceable settlement agreement. *See Ass'n Benefit Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 850 (7th Cir. 2007) (no agreement exists without definite terms.)

**II. The defendants' reply brief shows there is an active controversy as the alleged "agreements" by the City of Morris create additional requirements related to in-flight conduct not authorized by the FAA and not agreed to by the plaintiffs.**

The only entity that has authority to regulate and make conditions on aircrafts in-flight, within an Aerobatic Practice Area or otherwise, is the FAA. *City of Burbank v. Lockheed Air Terminal*, 411 U.S. 624, 627-28 (1973); *Hoagland v. Town of Clear Lake*, 415 F.3d 693, 697 (2005); *Kohr v. Allegheny Airlines, Inc.*, 504 F.2d 400, 404 (7th Cir. 1974). For that reason, IAC Chapter 1 agreed to the conditions listed in the waiver issued to IAC Chapter 1 by the FAA, not the alleged "agreements" listed in the defendants' reply brief, which contradict the waiver. (Ballew Aff. at ¶ 7; IAC Chapter 1 Waiver, attached as Exhibit B-1.) For example, IAC Chapter 1 is only required to provide the federally required 30 minute notification, which is directly at odds with the defendants' assertion that IAC Chapter 1 agreed to provide several days' notice before operating the Aerobatic Practice Area. Nor did the plaintiffs concede that FAA regulations limit them to performing aerobatics only in the area established by the current waiver, as this is contrary to FAA Regulation 14 C.F.R. 91.303 and the allegations in the First Amended Complaint. (Defs' Reply Br. at 4; First Am. Compl. at ¶ 38.) The defendants' assertion that they can regulate airspace, even an area specifically sanctioned by the FAA, shows there is still an active controversy.

### C. Despite the defendants' mischaracterizations in their reply brief, Belt's affidavit and Ballew's email show the parties did not reach the alleged "agreements."

The defendants mischaracterize the emails exchanged by Belt and Ballew as evidencing firm terms agreed to by the parties in their reply brief. (Defs' Reply Br. at 1-2.) But even Belt admits in his February 1, 2013 email that he is including new "suggested conditions" that were not part of the December 20, 2012 discussions. (Belt Email at p. 2.) Ballew rejected these suggested conditions and other mischaracterizations stating that he would stick by what the parties' agreed to at the December 20, 2012 meeting. (Ballew Aff. at ¶ 3.)

As stated in Ballew's affidavit and the First Amended Complaint, the defendants agreed they would immediately drop the charges against Scholtes after the FAA told the City of Morris it had no authority to regulate in-flight activities, failed to do so, and instead prosecuted Scholtes for an additional eight months. (Ballew Aff. at ¶ 5; First Am. Compl. at 81.)

The parties do not have a settlement agreement and the conflict between the City of Morris and the plaintiffs is actual and on-going. A local municipality cannot regulate airspace AT ALL or condition the use of airspace as continually asserted by the defendants. In reply the defendants go so far to assert that flight is limited to only the area established by the current FAA waiver (Defs' Br. at p. 4), which is a preposterous proposition, again underscoring why federal preemption in this area is complete as it is essential to prevent hodgepodge and misguided local interpretations of national airspace rules. This Court should deny the defendants' motion to dismiss and resolve this controversy, and instead address the merits of plaintiffs' claim that the City of Morris has no authority to regulate air traffic.

Dated: November 15, 2013

Respectfully submitted,

By: */s/ Cal R. Burnton*
One of the Attorneys for the Plaintiffs

Thomas I. Matyas
Cal R. Burnton
Colin Patrick O'Donovan
Edwards Wildman Palmer LLP
225 West Wacker Dr., Ste. 2800
Chicago, Illinois 60606
312-201-2000

AM 25276197.3 4