IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INTERNATIONAL AEROBATIC CLUB CHAPTER 1 and NICHOLAS SCHOLTES,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MORRIS, ILLINOIS, JEFFREY VOGEN, and SID NELSON,<br><br>Defendants. | Case No. 13-CV-4272<br><br>Judge John J. Tharp Jr. |

## PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNT I AND DEFAULT JUDGMENT ON ALL REMAINING COUNTS

Pursuant to the Court's December 22, 2015 Opinion and Order, Plaintiffs, International Aerobatic Club Chapter 1 ("IAC Chapter 1") and Nicholas Scholtes ("Scholtes" and collectively the "Plaintiffs"), by their attorneys, pursuant to Federal Rule of Civil Procedure 12(c) move the Court for judgment on the pleadings as to Count I of the First Amended Complaint. As this Court has held, the City of Morris's Ordinance and Regulations which incorporate Federal Aviation Administration ("FAA") Regulations are preempted by federal law and are thus unenforceable. Plaintiffs also move pursuant to Federal Rule of Civil Procedure 55 for entry of default and default judgment against the City of Morris, Jeffrey Vogen, and Sid Nelson (collectively the "Defendants") as to all counts based on Defendants failure to answer the First Amended Complaint.

I. **Plaintiffs move for judgment on the pleadings on Count I because the Morris Ordinance and Regulations are preempted as a matter of law.**

   A. **Standard**

Any party may move for judgment on the pleadings or the Court may act *sua sponte* in granting such relief. *Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997) (affirming *sua*

*sponte* dismissal). Judgment on the pleadings should be granted if the movant is entitled to judgment as a matter of law. *Flora v. Home Fed. Sav. & Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982). In entering a judgment on the pleadings, the Court may consider all pleadings including attached instruments. *See* Fed. R. Civ. P. 10(c); *N. Indiana Gun & Outdoor v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Plaintiffs move for judgment on the pleadings based on the Court's December 22, 2014 opinion and order (Dkt Nos. 37-38) as well as Defendants' failure to answer the First Amended Complaint as required by Federal Rule of Civil Procedure 55.

### B. The Morris Ordinance and Regulations are preempted and unenforceable.

In the Court's December 22, 2014, Order, the Court held that it "readily concludes that the Federal Aviation Act and it[s] regulatory enforcement scheme preempt the City of Morris's ordinance allowing it to enforce FAA rules governing flight operations." (*Id.* at 15.) The Court added that "[t]he regulation of aerobatic flight is plenary under the FAA, and exclusive enforcement is an indispensable component of that plenary authority." (*Id.* at 19.) In Footnote 6, that Court noted that preemption is a legal issue but refrained from entering a judgment because Plaintiffs had not filed a Rule 12(c) motion for judgment on the pleadings. (*Id.*) Plaintiffs now respectfully request that the Court enter judgment on Count I and issue an injunction against Defendants from enforcing the Morris ordinance and regulations at issue.

### II. Plaintiffs move for an entry of default and default judgment on all counts because the Defendants have failed to answer the First Amended Complaint.

#### A. Standard

Entry of default and default judgment is appropriate where a defendant has failed to answer an amended complaint. *See* Fed. R. Civ. P. 55; *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 44 (7th Cir. 1994) (affirming default judgment where party failed to answer the plaintiff's amended complaint even though the defendant had answered the original complaint).

2

Under Federal Rule of Civil Procedure 12, a defendant generally must answer a complaint within 21 days, but following the denial of a motion, including a motion to dismiss, a defendant must answer within 14 days. Fed. R. Civ. P. 12(a)(1)(i) and (a)(4); *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 251 (7th Cir. 1990) (noting parties must comply with the federal rules on their own initiative and "the district court is not required to fire a warning shot" alerting defendant that it is in default); *U.S. Bank Nat'l Ass'n v. Silver*, No. 11-cv-6332, U.S. Dist. LEXIS 171294 at *4 (N.D. Ill. Dec. 4, 2013) (granting default judgment where defendant failed to file its answer within 14 days after the court denied its motion to dismiss).

**B. Defendants are in default.**

Plaintiffs filed their First Amended Complaint on September 12, 2013. (Dkt. No. 28; Aff. at ¶ 2.) All Defendants were properly served with summons, and counsel appeared on their behalf. (Dkt. Nos. 5, 6, 8-11, 15-16, 18-21; Burnton Aff. at ¶ 3.) On December 22, 2014, the Court denied Defendants' motion to dismiss and provided notice to all parties of its ruling through the ECF system. (Dkt. Nos. 37 and 38; Burnton Aff. at ¶ 4.) The Court granted Plaintiffs 21 days to amend their complaint if they wished to do so. (Dkt. No. 37; Burnton Aff. at ¶ 5.) Plaintiffs did not elect to amend their First Amended Complaint. (Burnton Aff. at ¶ 6.)

Pursuant to Rule 12, Defendants then had 14 days within which to answer the First Amended Complaint. (Fed. R. Civ. P. 12(a)(4).) Almost two months have passed since the December 22, 2014 Order, and Defendants still have not answered Plaintiffs' First Amended Complaint as of this filing. (Burnton Aff. at ¶ 7.) Plaintiffs request that the Court enter a default on the docket and enter a default judgment on all remaining counts against Defendants because they have failed to answer Plaintiffs' First Amended Complaint.

WHEREFORE Plaintiffs respectfully request the Court (1) grant their motion for judgment on the pleadings and issue an injunction prohibiting Defendants from enforcing City Code Chapter 8.75.010 (the Morris Ordinance) and the Rules and Regulations of the Morris Municipal Airport, specifically Sections 200.2, 400.1, 400.3, 400.8, 400.10, 400.13, 400.15, and 800.1, (2) enter a default and default judgment as to the remaining counts, (3) award Plaintiffs' their damages, including punitive damages for malicious prosecution, pre and post judgment interest, attorneys' fees and costs, and any other relief this Court deems just.

Dated: February 11, 2015

Respectfully submitted,

By: */s/ Cal R. Burnton*
One of the Attorneys for the Plaintiffs

Cal R. Burnton
Steptoe & Johnson LLP
115 S. LaSalle Street, Suite 3100
Chicago, Ill. 60603
312-577-1246

Thomas I. Matyas
Colin Patrick O'Donovan
Locke Lord, LLP
225 West Wacker Dr., Ste. 2800
Chicago, Illinois 60606
312-201-2000